UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION



DONALD UNDERWOOD,

v.  Case No. 8:03-cr-226-T-17MSS
     8:05-cv-77-T-17MSS

UNITED STATES OF AMERICA.

_____

O R D E R

This cause is before the Court on Defendant's motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255. Doc. cv-1; cr-239.

PROCEDURAL HISTORY

On January 12, 2004, the Defendant pled guilty to one count of conspiracy to manufacture 50 grams or more of methamphetamine, in violation of 21 U.S.C. §846 (Count One). Docs. cr-97 (Plea Agreement), cr-257 (Transcript). Pursuant to the plea agreement, the Defendant expressly waived his right to appeal his sentence:

> . . .directly or collaterally, on any ground, including the applicability of the "safety valve" provisions contained in 18 U.S.C. § 3553(f) and USSG §5C1.2, except for an upward departure by the sentencing judge, a sentence above the statutory maximum, or a sentence in violation of the law apart from the sentencing guidelines; provided, however, that if the Government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), the Defendant is released from this waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

Doc. cr-97, p. 12, ¶ 5.

On February 10, 2004, the Court accepted the Defendant's guilty plea and adjudicated him guilty. Doc. cr-111. On May 7, 2004, this Court sentenced the Defendant to a 120-month term of imprisonment, to be followed by a 60-month term of supervised release. Doc. cr- 177 (Judgment).

On January 12, 2005, the Defendant timely filed the present section 2255 motion claiming he had received ineffective assistance of counsel at sentencing when counsel failed to challenge the Court's ability to depart below the mandatory minimum sentence of ten years.

## WAIVER

The Defendant is claiming his counsel was ineffective for failing to pursue a reduction in his sentence pursuant to an amendment to USSG §2D1.1(a)(3), effective November 1, 2002. The Defendant has waived the right to appeal his sentence, directly or collaterally, regarding his challenge to his sentence. The right to appeal is statutory and can be waived knowingly and voluntarily. See Williams v. United States, 396 F.3d 1340, 1342 (11th Cir. 2005); United States v. Bushert, 997 F.2d 1343, 1350 (11th Cir. 1993).

For this Court to enforce an appeal waiver contained in a plea agreement, the Government need only demonstrate either that this Court specifically questioned the

defendant concerning the sentence appeal waiver during the Fed. R. Crim. P. 11 colloquy or that it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver. Williams, 396 F.3d at 1342; Bushert, 997 F.2d at 1351. A defendant's waiver of the right to appeal "directly or collaterally" encompasses his right to challenge his sentence in a section 2255 proceeding. See Williams, 396 F.3d at 1342; United States v. White, 307 F.3d 336, 341-44 (5th Cir. 2002); Garcia-Santos v. United States, 273 F.3d 506, 508-09 (2d Cir. 2001); Davila v. United States, 258 F.3d 448, 451-52 (6th Cir. 2001); United States v. Cockerham, 237 F.3d 1179, 1183-87 (10th Cir. 2001); Mason v. United States, 211 F.3d 1065, 1069-70 (7th Cir. 2000). Moreover, it includes "a waiver of the right to appeal difficult or debatable legal issues--indeed, it includes a waiver of the right to appeal blatant error." United States v. Rubbo, 396 F.3d 1330, 1331, 1333-35 (11th Cir. 2005) (sentence appeal waiver allowing defendant to appeal sentence above "statutory maximum" did not allow for appeal of sentence on ground that it was imposed in violation of Booker[1] principles); See also United States v. Frye, 402 F.3d 1123 (11th Cir. 2005) (rejecting argument that entry into plea agreement had been uninformed or involuntary and holding that sentence appeal waiver did not allow for appeal of sentence on ground that sentence was imposed in violation of Booker principles); United States v. Grinard-Henry, 399 F.3d 1294 (11th Cir. 2005) (sentence appeal waiver did not allow for appeal of sentence on ground that sentence was imposed in violation of Booker principles).

Furthermore, the waiver is enforceable against claims of ineffective assistance of counsel, unless the ineffective assistance claims relate directly to the negotiation of the

---

[1] United States v. Booker, 125 S.Ct. 738 (2005).

waiver itself. Williams, 396 F.3d at 1342. See also Davila v. United States, 258 F.3d 448, 451 (6th Cir. 2001); United States v. Cockerham, 237 F.3d 1179, 1187 (10th Cir. 2001); DeRoo v. United States, 223 F.3d 919, 924 (8th Cir. 2000); Mason v. United States, 211 F.3d 1065, 1069 (7th Cir. 2000); United States v. Djelevic, 161 F.3d 104, 107 (2d Cir. 1998); but see United States v. Attar, 38 F.3d 727, 732-33 (4th Cir. 1994) (finding that review of complete denial of counsel at sentencing not precluded by general sentence appeal waiver); United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993) (stating in dicta that the defendant's waiver did not "categorically foreclose[] him from bringing any section 2255 proceeding, such as a claim of ineffective assistance of counsel or involuntariness of waiver").

In particular, if the complaint underlying the ineffective assistance claim is waived by a defendant's plea agreement, as in the instant matter, then the ineffective assistance claim is also waived. See Djelevic, 161 F.3d at 107 (although "dress[ed] up" as a Sixth Amendment claim, defendant really is challenging the correctness of his sentence under the guidelines and, therefore, is barred by the plain language of his plea agreement; to allow his claim would be to "render[] meaningless" such plea agreement waivers); accord Davila, 258 F.3d at 451-52; Mason, 211 F.3d at 1068.

At the Defendant's guilty plea hearing, the Court advised the Defendant of the appeal waiver. The Court specifically informed the Defendant that "if the Court were to impose some sort of illegal sentence, illegal in some way **other than in the calculation of the guidelines**, you could file an appeal of that sentence claiming it to be illegal." Doc. cr- 257, pp, 16-17 (emphasis added). The Court also instructed the Defendant as to the exceptions of the appeal waiver. The Defendant acknowledged to the Court that he

4

understood the waiver and had not been threatened or promised anything to make him give up his right to appeal. Doc. cr-257, p. 17. The Court added:

> You need to understand, Mr. Underwood, that no one, not your lawyer, not myself, not the Government can predict for you with any certainty what your sentence will be in this case. Only the District Judge has that authority. And if ultimately you disagree with that sentence, there isn't anything you can do about it. Do you understand that?

Doc. cr-257, p. 18. The Defendant agreed.

At the conclusion of the hearing, the Court stated the following regarding the Defendant's understanding of the proceeding:

> I find that Mr. Donald Underwood is competent, that his plea is knowing, intelligent, and voluntary and that it is adequately supported by an independent basis and facts as to each of the essential elements of the offense charged.

Doc. cr-257, p. 25. At his sentencing, the Court reminded the Defendant that his right to appeal his sentence was limited by his plea agreement. Doc. cr-259, p. 23.

The Defendant now claims his counsel was ineffective for failing to pursue a further reduction in his sentence, beyond the mandatory minimum, in accordance with an amendment to USSG §2D1.1(a)(3), effective November 1, 2002. The Defendant further refers to USSG §2D1.1(b)(6), claiming this section warrants a further downward departure. In fact, the Defendant was sentenced pursuant to the guidelines in effect at the time of his sentence, November 1, 2003, and did receive a base offense level of 30 in accordance with USSG §2D1.1(a)(3). Doc. cr-259, p. 15, 16. The Court further reduced the Defendant's offense level by 2 for minimal role, for a total offense level of 28. Doc. cr-259, pp. 15, 16. Section 2D1.1(b)(6) of the sentencing guidelines, to which the Defendant refers, allows for a sentence below the mandatory minimum if a defendant meets certain criteria set forth in

USSG §5C1.2, also known as the "safety valve provisions." In order to qualify for application of the safety valve, one requirement is that the defendant cannot have more than one criminal history point.

In this case, the Defendant specifically waived his right to appeal "the applicability of the 'safety valve' provisions contained in 18 U.S.C. § 3553(f) and USSG §5C1.2." Doc. cr-97, p. 12. Perhaps more significantly however, even if the Defendant had not waived this issue, the Defendant did not qualify for a reduction of sentence pursuant to the "safety valve provision," because he had a total of seven criminal history points. Doc. cr- 259, pp. 4, 5. Therefore, the Court did not err in concluding that the safety valve provision was inapplicable; and counsel for the Defendant was not ineffective in failing to argue that the safety valve provision should apply, when it plainly did not – by definition.

The Defendant waived this argument in his plea agreement, and he is not entitled to review of this argument in this proceeding. See Grinard-Henry, 399 F.3d 1294, 1297, n 1 (11th Cir. 2005) ("arguments based on error in application of the sentencing guidelines "clearly were waived by the appeal waiver and merit no further discussion"). As discussed above, the Eleventh Circuit recently held in <u>Williams</u> that an appeal waiver also applies to claims of ineffective assistance of counsel regarding challenges to a Defendant's sentence. In this case, the Defendant's claim of receiving ineffective assistance relate to the calculation of the sentencing guidelines. Therefore, the appeal waiver applies.

Consequently, for this Court to entertain the Defendant's section 2255 motion would permit the Defendant to proceed in contravention of the plain meaning of his plea agreement[3] and deny the United States the benefit for which it bargained. <u>See United</u>

States v. Buchanan, 131 F.3d 1005, 1008 (11th Cir. 1997). Accordingly, this Court need proceed no further, and orders:

That Defendant Underwood's motion to vacate (Doc. cv-1; cr-239) is denied, with prejudice. The Clerk is directed to enter judgment against Underwood in the civil case and to close that case.

ORDERED in Tampa, Florida, on December 8, 2005.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

AUSA: Pamela C. Marsh

Pro Se Litigant: Donald Underwood